# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL CABRERA,** | : | CIVIL ACTION NO. 1:10-CV-1821 |
| | : | |
| Petitioner, | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WILLIAM A. SCISM, WARDEN OF ALLENWOOD LSCI**, | : | |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Miguel Cabrera ("Cabrera") seeking release from his illegal conviction because "the legal landscape has changed regarding the distinction between elements and sentencing factors. In United States v. O'Brien, 201 U.S. Lexis 4167 (2010), and Dean v. United States, 556 U.S. ___, 173 L.Ed.2d 785, 793 (2009), the Supreme Court clarified what portion of criminal statutes are elements and which are sentencing factors." (Doc. 3, at 6.) He argues that "the First Circuit Court of Appeals did not consider the identity of the controlled substance to be an element of the offense in 21 U.S.C. § 846." (Doc. 3, at 3.)

For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

## I. Background

Cabrera was indicted on December 20, 2001, in the United States District Court for the District of Massachusetts with attempt and conspiracy in violation of 21 U.S.C. § 846. (Doc. 1, at 3.) On October 25, 2002, he entered into a plea agreement. (Doc. 3, at 2.) He was then sentenced to 216 months of imprisonment on January 21, 2003. (Id.)

On January 17, 2006, he moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Id.) On January 19, 2006, the court dismissed his motion as untimely. (Id.)

The instant petition was filed on August 30, 2010.

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly,

2

§2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

There is no doubt that Cabrera's claim falls within the purview of § 2255. However, there is no indication in the record that he sought permission to file a second or successive § 2255 motion as required by 28 U.S.C. § 2244(3)(A). Cabrera has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence. Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: August 31, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL CABRERA,** | : | CIVIL ACTION NO. 1:10-CV-1821 |
| **Petitioner,** | : | (Judge Conner) |
| v. | : | |
| **WILLIAM A. SCISM, WARDEN OF ALLENWOOD LSCI,** | : | |
| **Respondent** | : | |

## **ORDER**

AND NOW, this 31st day of August, 2010, upon consideration of the petition for writ of habeas corpus (Doc. 1) and the supporting memorandum (Doc. 3), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge